UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TD BANK, N.A. <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF BRUCE H. WOODMAN, through Stephanie Albert f/k/a Stephanie Green, Special Administrator, PAUL KENERSON, FRANK KENERSON, FRANCES KRAUSS, and IRENE NORBERG <br><br> Defendants. | CIVIL ACTION NO. _____ |

**CIVIL ACTION - COMPLAINT FOR FORECLOSURE AND PARTITION**

NOW COMES Plaintiff, TD BANK, N.A. by and through its attorneys, Duane Morris LLP, pursuant to 14 M.R.S.A. § 6321 et seq., and 14 M.R.S.A. § 6501 et seq., and complains against Defendants as follows:

**THE PARTIES**

1. Plaintiff, TD Bank, N.A.("TD Bank"), is a national banking association existing under the laws of the United States of America. TD Bank's main office, as set forth in its articles of association, is located in Wilmington, Delaware. It has its headquarters and main operation in Cherry Hill, New Jersey.

2. Stephanie Albert f/k/a Stephanie Green is the Special Administrator for the Estate of Bruce H. Woodman. Both The Estate of Bruce H. Woodman and Stephanie Albert (collectively, the "Estate") are citizens of the State of Maine, with an address located in Falmouth, Cumberland County, Maine.

1

3. Paul Kenerson is a citizen of Florida, with an address located in Cape Coral, Lee County, Florida.

4. Frank Kenerson is citizen of New Hampshire, with an address located in Danville, Rockingham County, New Hampshire.

5. Frances Krauss is a citizen of Vermont, with an address located in Montpelier, Washington County, Vermont.

6. Irene Norberg is a citizens of Florida, with an address located in Haines City, Polk County, Florida.

## JURISDICTION, VENUE AND VICINAGE

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 by virtue of complete diversity of citizenship, insofar as TD Bank was, and is at the time of the filing of the Complaint, a citizen of the State of Delaware, and Defendants are and at the time of the filing of the Complaint, citizens of the states of Maine, Florida, New Hampshire, and Vermont, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims stated in this Complaint occurred in this district.

9. Pursuant to Rule 3(b), Local Rules of the United States District Court for the District of Maine, this matter should be assigned to the Portland Vicinage insofar as the property which is the subject of this action is located in York County.

## ALLEGATIONS COMMON TO ALL COUNTS

10. On or about July 12, 1996, that certain real property located at 67 Cutts Road, Kittery, Maine 03094 (the "Property") became vested in Bruce H. Woodman and Guy E.

Kenerson, as tenants in common. The Deed that transferred ownership to the property (the "Deed") was delivered by James E. Amee to Bruce H. Woodman and Guy E. Kenerson, and recorded in the York County Registry of Deeds on July 12, 1996 in Book 7910, Page 202. A true and correct copy of the Deed is attached hereto as Exhibit "A"

11. Guy E. Kenerson died on February 10, 2003. Upon information and belief, Guy E. Kenerson died intestate, and there has not been opened or otherwise raised an estate to administer his property.

12. TD Bank believes, and on that basis alleges that Guy E. Kenerson's heirs at law are Defendants Paul Kenerson, Frank Kenerson, Frances Krauss, and Irene Norberg (collectively, the "Kenerson Heirs").

13. Bruce H. Woodman died on November 18, 2012.

14. Because an estate was not opened for Bruce H. Woodman, the York County Probate Court appointed Stephanie Albert f/k/a Stephanie Green Special Administrator to the Estate of Bruce H. Woodman (the "Estate"). A copy of the Order of Appointment of Special Administrator is attached hereto as Exhibit "B."

15. Upon the death of Guy E. Kenerson, his tenancy in the Property transferred to the Kenerson Heirs.

16. Upon the death of Bruce H. Woodman, his tenancy in the Property transferred to the Estate. To date, the Estate has not transferred the Property.

**AS FOR ITS FIRST CAUSE OF ACTION IN FORECLOSURE, TD BANK ALLEGES AS FOLLOWS:**

17. Plaintiff hereby restates and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

18. On August 6, 2008 Bruce H. Woodman executed and delivered to TD Bank a certain home equity line of credit agreement and disclosure statement with a credit limit of 71,584.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit "C".

19. To secure the Note, Bruce H. Woodman executed and delivered to TD Bank an open-end mortgage dated August 6, 2008 and recorded in the York County Registry of Deeds in Book 15475, Page 0917 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as Exhibit "D".

20. TD Bank is the holder of the Note and Mortgage.

21. TD Bank is the owner of the Note.

22. The Estate is in default of the Note, having failed to make the monthly payment due November 10, 2013, and having failed to make all payments due thereafter. As a result, a condition of the Mortgage has been breached.

23. In compliance with the Note and Mortgage and/or 14 M.R.S.A. § 6111, on February 8, 2017, TD Bank caused to be sent a Notice of Right to Cure to the Estate by certificated mailing (the "Default Letter"). A copy of the Default Letter is attached hereto and made a part hereof as Exhibit "E".

24. The Estate has failed to cure the default. In accordance with the Mortgage, and by reference the Note, TD Bank has declared the entire indebtedness presently due and payable.

25. As of February 28, 2017 there is due and owing to TD Bank the outstanding principal balance under the Note and Mortgage, including accrued interest, late charges and applicable fees through February 28, 2017, the sum of $91,485.34.

26. In order to protect its security interest, TD Bank likely will be further compelled during the pendency of this action to advance payments for tax, water and sewer assessments,

insurance premiums, and other charges affecting the Property, or some part thereof, and TD Bank requests that any such sum or sums to be paid be added to the Note and be deemed secured by the Mortgage and be further deemed a valid lien on the Property.

27. By virtue of the Estate's breach of the terms of the Note and Mortgage, TD Bank is entitled to: (i) judgment in its favor and against the Estate in the amount of $91,485.34, together with interest from February 28, 2017, at the rate of $6.3319435 per diem to the date of judgment, and other costs and charges collectible under the mortgage; (ii) an order setting the priority of the liens, in accordance with the allegations set forth above; (iii) a Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service; and (iv) an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90 day period of redemption.

WHEREFORE, Plaintiff TD Bank, N.A. prays that this Honorable Court:

A. Enter an order that forever bars and forecloses all rights, claims, liens and any equity of redemption in the Property of the Estate and every person whose conveyance or encumbrance is subsequent or subsequently recorded after the filing of a copy of the Complaint instituting this action in the York County Registry of Deeds.

B. Enter an order setting the priority of the parties and amounts due such parties, in accordance with the allegations set forth in the Complaint;

C. Enter judgment in favor of TD Bank and against the estate in the amount of $91,485.34, together with interest from February 28, 2017, at the rate of $6.3319435 per diem to the date of judgment, and other costs and charges collectible under the Note and Mortgage;

  D. Enter Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service;

  E. Enter an Order against the Estate allowing Plaintiff to be paid the amount adjudged to be due Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expense of said sale;

  F. Enter an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90 day period of redemption.

  G. Grant Plaintiff such other relief as the Court may determine to be just and equitable.

**AS FOR ITS SECOND CAUSE OF ACTION FOR PARTITION, TD BANK ALLEGES AS FOLLOWS:**

28. TD Bank repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

29. As set forth below, because only Bruce H. Woodman signed the Mortgage, the Note was only secured by Bruce H. Woodman's 50% interest in the Property, as tenants in common with Guy E. Kenerson.

30. After the deaths of both Bruce H. Woodman and Guy E. Kenerson, the tenancy is vested, either legally or equitably as follows:

- An undivided 50% interest in the Estate
- An undivided 50% interest in the Kenerson Heirs.

31. Upon the judgment of foreclosure sought in the First Cause of Action, TD will have an equitable right to sell at foreclosure sale a 50% interest in the Property.

32. It will be impracticable, inequitable, and will have the effect of stymieing price if all interest in the Property is not sold at once.

33. Accordingly, the Property should be sold at public auction or private sale, and that the proceeds equitably split between TD Bank and the Kenerson Heirs.

WHEREFORE, Plaintiff TD Bank, N.A. prays that this Honorable Court:

A. Enter an Order Partitioning the undivided interests of the Owners of the Property;

B. Enter an Order allowing for the sale of the Property, and for the proceeds of the Property to be equitably split between TD Bank and the Kenerson Heirs; and

C. Grant Plaintiff such other relief as the Court may determine to be just and equitable.

Dated: 5/3/2017

Respectfully submitted,

DUANE MORRIS LLP

 /s/ Brett Messinger
By:    Brett Messinger
       Andrea T. Holbrook
2 Monument Square, Suite 505
Portland, Maine 04101
blmessinger@duanemorris.com
atholbrook@duanemorris.com
(215) 979-1508/1677
Attorneys for TD Bank, N.A.