UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | |
|---|---|
| TD BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00163-JAW |
| | ) |
| ESTATE OF BRUCE H. WOODMAN, | ) |
| through Stephanie Albert f/k/a | ) |
| Stephanie Green, Special | ) |
| Administrator, ANITA KENERSON | ) |
| PRICKETT, BONITA C. BUNKER, | ) |
| LINDSAY ASHWORTH KRAUSS, | ) |
| MARIAH FELLOW KRAUSE, | ) |
| MATTHEW FREDERICK KRAUSS, | ) |
| COURTNEY KRAUSS, KATHERINE | ) |
| KRAUSS HINDS, STEPHEN ALLEN | ) |
| COULOMBE, PAMELA COULOMBE | ) |
| ROSS, KEVIN CARL COULOMBE, | ) |
| VALERIE M. BERNIER, BRIAN C. | ) |
| KENERSON, BRADLEY PAIGE | ) |
| KENERSON SR., ERIC RUNE | ) |
| NORBERG, PAUL A. KENERSON, | ) |
| JR., LIZBETH KENERSON | ) |
| VILLACARO, DAPHNE B. LAZOR, | ) |
| BRENDA E. COLLINS KENERSON, | ) |
| JODI PERROW, CRAIG D. PERROW, | ) |
| and FRANK B. KENERSON, JR., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO SEVER**

The Court grants a bank's motion to sever its foreclosure action from its partition action and to stay the partition action pending resolution of the foreclosure action but orders periodic status reports to make certain these matters are resolved expeditiously.

I.  BACKGROUND

On December 21, 2018, TD Bank, N.A. filed a motion to sever and to stay partition proceeding. *Combined Mot. to Sever and Mot. to Stay Partition Cls. Pending Resolution of Foreclosure Cls.* (ECF No. 67). The object of this litigation is a parcel of land located at 67 Cutts Road in Kittery, Maine. *Mot. to Am. Compl.* Attach. 1, *First Am. Compl.* ¶ 27 (ECF No. 11). The parcel was once owned as tenants in common by Bruce H. Woodman and Guy E. Kenerson. *Id.* Mr. Woodman died in 2012 and Mr. Kenerson died in 2003. *Id.* ¶¶ 28, 30. On October 9, 2013, the York County Probate Court appointed Stephanie Albert as Special Administrator for the Estate of Bruce H. Woodman. *Id.* ¶ 31, *Mot. to Am. Compl.* Attach. 4, *Order Special Administrator* at 1. Mr. Kenerson died intestate and no estate has been opened to administer his property. *Id.* ¶ 28. The portion of the Kittery parcel owned by Mr. Woodman is currently held by the Woodman Estate and the Estate has not transferred its interest in the parcel. *Id.* ¶ 33. The portion of the Kittery parcel owned by Mr. Kenerson initially devolved to his original heirs; however, all the original heirs are now deceased, and twenty-one living Kenerson heirs now own his share of the parcel. *Id.* ¶ 29.

In 2008, Bruce Woodman executed a mortgage and promissory note in favor of TD Bank as a home equity line of credit with a limit of $71,584.00. *Id.* ¶ 36. The Estate of Bruce Woodman has failed to make monthly payments on the loan since November 10, 2013. *Id.* ¶ 39. On May 3, 2017, TD Bank filed in this Court a foreclosure complaint against the Estate of Bruce Woodman and a partition action

2

against both the Estate and the Kenerson heirs. *Comp.* (ECF No. 1). The Estate of Bruce Woodman answered the Complaint on May 15, 2017. *Answer to Comp.* (ECF No. 7). Several of the Kenerson heirs answered the partition action. *Answer of Eric Rune Norberg* (ECF No. 15); *Answer to Am Compl. of Katherine Krauss Hinds* (ECF No. 36); *Answer to Am. Compl. of Mariah Fellow Krauss* (ECF No. 42). Others have not answered and have been defaulted. *Req. to Clerk to Enter Default Against Defs. Anita Kenerson Prickett, Bonita C. Bunker, Lindsay Ashworth Krauss, Matthew Frederick Krauss, Pamela Coulombe Ross, Kevin Carl Coulombe, Valerie M. Bernier, Brian C. Kenerson, Bradley Paige Kenerson Dr., Paul A. Kenerson Jr., Lizbeth Kenerson Villacaro, Daphne B. Lazor, Brenda E. Collins Kenerson and Jodi Perrow* (ECF No. 38); *Order Granting Mot. for Entry of Default* (ECF No. 39); *Req. to Clerk to Enter Default Against Defs. Courtney Krauss, Stephen Allen Coulombe, Craig D. Perrow, and Frank B. Kenerson* (ECF No. 51); *Order Granting Mot. for Entry of Default* (ECF No. 52).

On August 31, 2018, TD Bank filed a notice of intent to file summary judgment. *Pl.'s Notice of Intent to Move for Summ. J.* (ECF No. 54). The Court held a Local Rule 56(h) pre-filing conference on October 23, 2018. *Min. Entry* (ECF No. 65). During the pre-filing conference, there was some discussion about how TD Bank intended to proceed, namely whether it was going to proceed with the partition and foreclosure action in tandem or whether it was going to proceed with the actions separately. Also, there was a discussion about the status of the partition action and whether TD Bank was going to make a separate peace with the Kenerson heirs. As a consequence of

these discussions, the Court ordered TD Bank to file a status report by December 7, 2018. *Id.* On December 7, 2018, TD Bank filed a status report indicating that it intended to file a motion to sever the foreclosure actions from the partition action and to stay the partition action pending resolution of the foreclosure action. *Pl.'s Status Report Regarding Local Rule 56 Pre-Filing Conf.* (ECF No. 66). On December 21, 2018, TD Bank filed its proposed motion. *Combined Mot. to Sever and Mot. to Stay Partition Cls. Pending Resolution of Foreclosure Cls.* (ECF No. 67). None of the defendants responded and TD Bank's motion became ready for decision on January 22, 2019.

## II.    THE MOTION TO SEVER AND TO STAY

In its motion, TD Bank asks the Court to sever the partition action from the foreclosure action, to allow the foreclosure action to proceed, and to stay the partition action pending resolution of the foreclosure action. *Id.* at 1-4. TD Bank says that a severance "will allow Plaintiff to fully resolve its Foreclosure Claims against the Woodman Estate and provide certainty with respect to the amounts due to Plaintiff pursuant to its mortgage prior to a sale of the entire Property via the Partition Claims." *Id.* at 2. TD Bank further states that "[a]ssuming the Court grants this motion, Plaintiff will not be seeking relief against the Woodman Estate as part of the Partition Claims." *Id.* at 3. It also notes that "severance of the Foreclosure Claims from the Partition Claims would obviate the need for briefing and a potential hearing on concerns raised regarding Plaintiff's standing as a mortgagee in brining the Partition Claims." *Id.* TD Bank anticipates that if it is able to resolve the foreclosure

4

claims and if it is the successful bidder at the foreclosure sale, "Plaintiff's standing to pursue the Partition Claims will be unambiguous." *Id.* TD Bank says that it and the Woodman Estate are "currently finalizing terms of a stipulated judgment of foreclosure and sale" and that disposition of the foreclosure claims "would allow the Woodman Estate to resolve its interest in the Property without the need to participate in or wait for resolution of the Partition Claims." *Id.*

### III. DISCUSSION

Federal Rule of Civil Procedure 21 allows a court to "sever any claim against a party." FED. R. CIV. P. 21. The effect of a severance is to separate "a case into separate actions." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003). "[E]ven when venue is proper to all defendants, the court may sever . . . an unrelated claim and give it separate treatment when doing so would be in the interest of some or all of the parties." *Day v. Grey*, No. 2:17-cv-00286-JAW, 2018 U.S. Dist. LEXIS 109616, at *4 (D. Me. Jun. 30, 2018) (quoting 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE (3d ed. 2001) § 1689, at 517-18) (WRIGHT, MILLER & KANE). "On the other hand, severance with be refused if the court believes that it only will result in delay or inconvenience, or added expense." *Id.* (quoting WRIGHT, MILLER & KANE at 518-19). "The decision to separate parties or claims is a case management determination 'peculiarly within the discretion of the trial court.'" *Keene v. Me. Dep't of Corr.*, No. 1:17-cv-00403-JDL, 2018 U.S. Dist. LEXIS 61412, at *2-3 (Apr. 11, 2018) (quoting *Acevedo-Garcia*, 351 F.3d at 558).

5

The Court agrees with TD Bank that a severance of the foreclosure action from the partition action would likely result in a more expeditious, clearer, and less costly resolution of the issues surrounding the Kittery parcel and therefore will grant TD Bank's motion.

With that said, the Court is concerned that this case has now been pending for over one year and eight months and is only now in a posture for resolution of the foreclosure action, leaving the partition action for later resolution. As the case has dragged, increasing interest costs and other expenses have attached to the foreclosure and it is time for TD Bank to move quickly to resolve the foreclosure. The Court anticipates that counsel for TD Bank will, as promised, act expeditiously to resolve the foreclosure action so that the partition action may be attended to and the case as a whole resolved. To this end, the Court will order TD Bank to file a status report regarding the foreclosure action thirty days from the date of this Order and every ninety days thereafter until both actions are resolved.

## IV. CONCLUSION

The Court GRANTS Plaintiff's Combined Motion to Sever and Motion to Stay Partition Claims Pending Resolution of Foreclosure Claims (ECF No. 67). The Court SEVERS the foreclosure action from the partition action and STAYS the partition action pending resolution of the foreclosure action.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2019