UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| TD BANK, N.A. | )<br>)<br>) |
| Plaintiff, | )<br>) No. 2:17-cv-00163-JAW |
| v. | )<br>) |
| ESTATE<br>OF BRUCE WOODMAN, et. al. | )<br>)<br>) |
| Defendants. | ) |

**ORDER ON BILL OF COSTS**

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to file a Bill of Costs requesting the taxation of costs that are permitted by statute, saying "[u]nless a federal statute, these rules, or a court order provides otherwise, costs … should be allowed to the prevailing party." Plaintiff TD Bank is the prevailing party in this case in that a judgment of foreclosure and sale was entered. *Judgment*, ECF No. 72. Plaintiff seeks costs in the total amount of $3,701.81 for fees of the clerk, service of summons fees, copy fees[1] and four categories of "other costs," which are described as registry recording fees, special administrator fees and costs for the publication of notices of sale. *Bill of Costs*, ECF Nos. 79 and 79-1.

Pursuant to the authorizing statute, expenses that may be taxed are expressly specified in 28 U.S.C. § 1920 and must be costs that were "necessarily incurred in the case," pursuant to 28 U.S.C. § 1924.

---

[1] A cost of $22.80 (for an attested copy of Judgment and Foreclosure) was listed on Plaintiff's Bill of Cost as a transcript fee but it is more properly claimed as an allowable fee for exemplification under 28 U.S.C 1920(4).

An unconstested Bill of Costs is customarily granted but the Court must make its own independent assessment of the Bill to determine if the claimed costs are reasonable. *Shea v. Porter*, 2013 WL 4413341 at *1, (D. Mass. 2013). Having made an independent review of the Bill of Costs in this case and no objection having been made by Defendants, the Clerk hereby orders costs in the limited total amount of $465.30, as explained herein.

Other Costs

In this case, Plaintiff has claimed expenses which are related to the noticing of the sale of real estate, for recording fees, for publication costs and for special administrator fees, but these costs are not expressly listed in 28 U.S.C. § 1920(1)-(6). Plaintiff has neither provided legal authority for claiming such other costs nor evidence that such costs were necessarily incurred in the case.

The Supreme Court has held that Rule 54(d)(1) permits the Court to decline costs and not tax costs in the absence of expressed statutory authority. *Crawford Fitting Company v. J. T. Gibbons*, 482 U.S. 437, 441-445 (1987). *See also Farmer v. ARAMCO*, 379 U.S. 227, 235 (1964) [(warning that "the discretion given to district judges should be sparingly exercised with reference to expenses not specifically allowed by statute" and cited by the 1st Circuit Court of Appeals in *Templeman v Chris Craft Corp.*, 770 F.2d 245 at 248 (1st Cir. 1985)]. District courts, therefore, are bound by the limitations of 28 U.S.C. § 1920 and any costs not listed under it may not be awarded. Rule 54's presumption to tax the costs of the prevailing party does not provide "a power to evade the specific categories of costs set forth by

Congress" in 28 U.S.C. § 1920(1)-(6). *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997 at 2005 (2012). Taxable costs are "limited by statute and modest in scope." *Id.*

Therefore, where Plaintiff's costs claimed are not expressly identified as taxable costs in 28 U.S.C. § 1920, and where Plaintiff has provided no supporting legal memorandum or evidence to form a basis for their taxation, the "other costs" claimed in this case are denied.

ORDER

The Clerk of Court hereby taxes costs in favor of Plaintiff in the amount of four hundred and sixty-five dollars and thirty cents ($465.30), for the fees of the Clerk, the fees for service, and the fees for copies.

IT IS SO ORDERED.

/s/ Christa K. Berry<br>Clerk, U.S. District Court

Dated this 22nd day of May, 2019