UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TD BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:17-cv-00163-JAW |
| | ) |
| ESTATE OF BRUCE H. WOODMAN, | ) |
| through Stephanie Albert f/k/a | ) |
| Stephanie Green, Special | ) |
| Administrator, ANITA KENERSON | ) |
| PRICKETT, BONITA C. BUNKER, | ) |
| LINDSAY ASHWORTH KRAUSS, | ) |
| MARIAH FELLOW KRAUSE, | ) |
| MATTHEW FREDERICK KRAUSS, | ) |
| COURTNEY KRAUSS, KATHERINE | ) |
| KRAUSS HINDS, STEPHEN ALLEN | ) |
| COULOMBE, PAMELA COULOMBE | ) |
| ROSS, KEVIN CARL COULOMBE, | ) |
| VALERIE M. BERNIER, BRIAN C. | ) |
| KENERSON, BRADLEY PAIGE | ) |
| KENERSON SR., ERIC RUNE | ) |
| NORBERG, PAUL A. KENERSON, | ) |
| JR., LIZBETH KENERSON | ) |
| VILLACARO, DAPHNE B. LAZOR, | ) |
| BRENDA E. COLLINS KENERSON, | ) |
| JODI PERROW, CRAIG D. PERROW, | ) |
| and FRANK B. KENERSON, JR., | ) |
| | ) |
| Defendants. | ) |

**ORDER DEFERRING RULING ON MOTION FOR ATTORNEY'S FEES**

Where plaintiff has brought both a foreclosure action and a partition action in one lawsuit, the Court defers ruling on a motion for attorney's fees to allow the plaintiff to demonstrate that they have properly allocated between the legal services

chargeable pursuant to M.R.S. § 6101 and non-chargeable legal services and to address the impact of a flat fee agreement on the fee award.

I.  BACKGROUND

On May 3, 2017, TD Bank, N.A. (TD Bank) filed in this Court a foreclosure complaint against the Estate of Bruce Woodman and a partition action against both the Estate and the Kenerson heirs. *Comp.* (ECF No. 1). The Estate of Bruce Woodman answered the Complaint on May 15, 2017. *Answer to Comp.* (ECF No. 7). TD Bank filed a motion to amend the Complaint on September 13, 2017, *First Mot. for Leave to File First Am. Compl.* (ECF No. 11), and the Court granted the motion on September 14, 2017. *Order Granting Mot. to Am. Compl.* (ECF No. 12). TD Bank filed the Amended Complaint on September 19, 2017. *First Am. Compl.* (ECF No. 13).

Three of the Kenerson heirs answered the partition action. *Answer of Eric Rune Norberg* (ECF No. 15); *Answer to Am Compl. of Katherine Krauss Hinds* (ECF No. 36); *Answer to Am. Compl. of Mariah Fellow Krauss* (ECF No. 42). The others have not answered and have been defaulted. *Req. to Clerk to Enter Default Against Defs. Anita Kenerson Prickett, Bonita C. Bunker, Lindsay Ashworth Krauss, Matthew Frederick Krauss, Pamela Coulombe Ross, Kevin Carl Coulombe, Valerie M. Bernier, Brian C. Kenerson, Bradley Paige Kenerson Dr., Paul A. Kenerson Jr., Lizbeth Kenerson Villacaro, Daphne B. Lazor, Brenda E. Collins Kenerson and Jodi Perrow* (ECF No. 38); *Order Granting Mot. for Entry of Default* (ECF No. 39); *Req. to Clerk to Enter Default Against Defs. Courtney Krauss, Stephen Allen Coulombe, Craig D.*

*Perrow, and Frank B. Kenerson* (ECF No. 51); *Order Granting Mot. for Entry of Default* (ECF No. 52).

On December 21, 2018, TD Bank filed a motion to sever the foreclosure action from the partition action and to stay the partition action pending resolution of the foreclosure action. *Combined Mot. to Sever and Mot. to Stay Partition Cls. Pending Resolution of Foreclosure Cls.* (ECF No. 67). None of the defendants responded, and on January 24, 2019, the Court granted TD Bank's motion. *Order Granting Mot. to Sever and Mot. to Stay Partition Proceeding* (ECF No. 68).

TD Bank filed a consent motion for judgment on February 5, 2019, *Consent Mot. for J* (ECF No. 69) along with a proposed consent judgment of foreclosure and sale, *Proposed Consent J. of Foreclosure and Sale* (ECF No. 70). The Court granted the consent motion for judgment and issued a judgment of foreclosure and sale on February 7, 2019. *J. of Foreclosure and Sale* (ECF No. 72). On April 25, 2019, TD Bank filed a motion for attorney's fees and costs along with a bill of costs. *Mot. for Attorney Fees and Costs* (ECF No. 78) (*Pl.'s Mot.*); *Bill of Costs* (ECF No. 79). The Defendants has not responded to the motion. The Court issued an order granting in part and denying in part TD Bank's Bill of Costs. *Order Granting in Part and Denying in Part Bill of Costs (*ECF No. 81).

## II. DISCUSSION

### A. Legal Standard

#### 1. Maine's Foreclosure Statute

Maine's foreclosure statute allows a mortgagee who prevails in a foreclosure action to charge reasonable attorney's fees against the mortgaged estate. 14 M.R.S. § 6101. In light of the Judgment of Foreclosure and Sale granting the parties' consent motion for judgment, *J.,* the Court agrees that TD Bank may charge reasonable attorney's fees on the mortgaged estate. At the same time, TD Bank has not contended that it is entitled to charge attorney's fees against the mortgaged estate for legal work made necessary by the partition action. Therefore, it is incumbent upon the Court to make certain that TD Bank has properly separated out the foreclosure work, which is chargeable against the mortgaged estate, from the partition work, which is not.

### 2. The First Circuit Analytic Approach

A second consideration is whether the proposed fees are reasonable. 14 M.R.S. § 6101 ("[T]he mortgagee . . . may charge <u>a reasonable attorney's fee</u>"). The First Circuit described the proper approach for determining whether the fees requested are reasonable in *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st. Cir. 1992). "Ordinarily, the trial court's starting point in fee-shifting cases is to calculate a lodestar; that is, to determine the base amount of the fee to which the prevailing party is entitled by multiplying the number of hours productively expended by counsel times a reasonable hourly rate." *Id*. at 937 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A trial court should "compute the loadstar amount by ascertaining the time counsel actually spent on the case 'and then subtracting from that figure hours which are duplicative, unproductive, excessive, or otherwise unnecessary." *Id*. (quoting

4

*Grendel's Den, Inc., v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984)). The court "then applies hourly rates to the constituent tasks, taking into account the 'prevailing rates in the community for comparably qualified attorneys.'" *Id*. (quoting *United States v. Metro. Dist. Comm'n,* 847 F.2d 12, 19 (1st Cir. 1988)). "Once established, the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances." *Id*.

The Defendants have not responded to TD Bank's motion and put forth no objection. Even in the absence of objection, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433 (1983); *Foley v. City of Lowell, Mass*., 948 F.2d 10, 21 (1st Cir. 1991).

### B. Analysis

#### 1. Foreclosure and Partition Action

This case involves two distinct claims: (1) the foreclosure and sale of the mortgaged property; and (2) the mortgaged property's partition. TD Bank requested that the claims be severed to allow it "to fully resolve its Foreclosure Claims against the Woodman estate and provide certainty with respect to the amounts due to Plaintiff pursuant to its mortgage prior to a sale of the entire Property via the Partition Claims." *Pl.'s Mot. to Sever and Mot. to Stay Partition Claims Pending Resolution of Foreclosure Claims* at 2 (ECF No. 67); *Order Granting Mot. to Sever* (ECF No. 68).

Plaintiff's counsel concedes that attorney's fees are only authorized with respect to the foreclosure action. *Pl.'s Mot*. at 1; 14 M.R.S. § 6101. The Court

5

reviewed the hours billed by Plaintiff's counsel for legal services outside the flat fee agreement and finds that TD Bank has not demonstrated a sufficient demarcation between legal services relating to the foreclosure and those relating to the partition action. For example, Attorney Messinger included an entry for 1.4 hours with the description: "research: bringing partition action in Maine and foreclosing against a partial interest." *Pl.'s Mot.,* Ex. 1 at 15 (ECF No. 78-1). Although the work performed appears to relate in part to the foreclosure action, at least part of the entry reflects research on bringing a partition action in Maine, an issue unrelated to the foreclosure claim. Because the tasks were grouped under a single time entry, rather than being properly divided between partition-related and foreclosure-related tasks, the Court cannot award a fee based on these hours in the absence of an amended bill properly delineating between tasks for each claim.

2. **Flat Fee Agreement**

According to Plaintiff's counsel, Duane Morris and TD Bank entered into a flat fee agreement for the foreclosure. The agreement set forth a fixed legal fee of $3,100 "charged to Plaintiff for reviewing all loan documents and the title report, drafting revising the Complaint in Foreclosure and Clerk's Certificate, completing service of process, negotiating and drafting the consent judgment of foreclosure and sale, [and] filing of the report of sale and conveyance to the highest bidder." *Pl.'s Mot.* at 1-2. Plaintiff's counsel states that additional fees outside of the flat fee agreement were incurred by TD Bank: $2,090.50 for "researching and addressing a significant title

6

issue impacting Plaintiff's mortgage" and $422.50 "to monitor and coordinate the discharge of unpaid tax liens." *Id.* at 2.

Although some circuits prohibit the collection of attorney's fees on flat fee agreements, the First Circuit has not reached the issue, *Domegan v. Ponte*, 972 F.2d 401, 420 n.35 (1st Cir. 1992), *cert. granted, judgment vacated*, 507 U.S. 956, 113 (1993), and the Court is unaware of Maine caselaw addressing the issue. Other courts have required the moving party to provide evidence of hourly billing, rates, and tasks in support of a flat fee agreement so that the court can determine whether the flat fee is reasonable for the services performed. *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 614-cv-950-ORL-41-KRS, 2018 WL 6983647, at *5 (M.D. Fla. Dec. 10, 2018); *CIT Bank, N.A. v. Ayers,* No. 15-cv-7256-JFBSIL, 2017 WL 6816486, at *3 (E.D.N.Y. Dec. 5, 2017); *Mack Fin. Servs. v. Poczatek*, No. 10-cv-3799, 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011); *Broad. Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996).

The First Circuit and the Maine Supreme Judicial Court have not expressly required a party filing a motion for attorney's fees on a flat fee agreement to be accompanied by evidence of hours billed and specific tasks performed. However, the Court assumes both courts would take a similar approach to that of the Second Circuit to ensure an award of only "reasonable attorney's fees against the mortgaged estate" as required by section 6101.

Here, the only evidence of the flat rate agreement offered by Plaintiff's counsel is found in the affidavit of Andrea Holbrook and an attached copy of an invoice listing

7

a March 15, 2016 disbursement for "Professional Services Rose as Special Administrator in the [Estate] of Bruce Woodman (Professional Services)" submitted along with the motion for attorney's fees. *Pl.'s Mot.*, Attach. 1, *Affidavit of Counsel Andrea T. Holbrook in Support of Award of Legal Fees and Costs* at 1-2, 11 (ECF No. 78). Attorney Holbrook states:

> Plaintiff has incurred $3,100.00 in attorney's fees for the legal services performed to date pursuant to its flat fee agreement with Duane Morris. Legal fees were charged to Plaintiff for reviewing all loan documents and the title report, drafting revising and filing the Complaint in Foreclosure and Clerk's Certificate, completing service of process, negotiating and drafting the consent agreement of foreclosure and sale, filing of the report of sale and conveyance to the highest bidder.

*Id.* ¶ 3.

> Attorney Holbrook further writes:
>
> Additional legal fees outside of the flat fee agreement in the amount of $2,090.50 were incurred by Plaintiff . . . for the researching and addressing a significant title issue impacting Plaintiff's mortgage, and in the amount of $442.50 to monitor and coordinate the discharge of unpaid tax liens.

*Id.* ¶ 4.

The evidence submitted does not comply with the Second Circuit requirements. The Court, therefore, requires TD Bank provide additional evidence of the hours billed and tasks performed under the flat fee agreement in an amended bill if it wishes to pursue attorney's fee on the flat fee it charged for the foreclosure action. If TD Bank contends that either the Maine Supreme Judicial Court or the First Circuit would not adopt the Second Circuit's view of flat fee arrangements, TD Bank is free to make that alternative argument.

8

### 3. Hourly Rate

To conduct the proper lodestar analysis for the portion of legal services outside the scope of the flat fee agreement, the Court must determine the reasonable hourly rate. *Lipsett*, 975 F.2d at 937 (citing *Hensley*, 461 U.S. at 433). Plaintiff's counsel states that TD Bank incurred the following fees outside the flat fee agreement: $2,090.50 for "researching and addressing a significant title issue impacting Plaintiff's mortgage" and $422.50 "to monitor and coordinate the discharge of unpaid tax liens." *Pl.'s Mot*. at 2.

Attorney Holbrook's affidavit confirms that TD Bank's attorneys are billing at the following hourly rates: (1) Brent Messinger, Partner--$450--; (2) Stephanie Williams, Special Counsel--$395--; (3) Andrea Holbrook, Special Counsel--$395. Plaintiff's counsel is also billing paralegals at an hourly rate of $190. According to Plaintiff's counsel, these rates are its standard hourly rates ("$450 per hour for partners, $395 per hour or less for associates and special counsel, and $190 per hour for paralegal services."). *Id.*

The Court last addressed the reasonableness of attorney's hourly rates in 2018 in *Coastal Counties Workforce., Inc. v. Lepage,* No. 1:17-cv-00417-JAW, 2018 WL 6438743, at *4 (D. Me. Dec. 7, 2018). Using the rates it fixed in *Maine People's Alliance* as a guide and adjusting for "inflationary pressure on the hourly rates for Portland, Maine legal services" as well as the increase in the consumer price index, the Court determined the following hourly rates applied: $367.50 for exceptionally experienced counsel; $315 for most highly experienced counsel; $262.50 for most

9

reasonably experienced counsel; $183.75 for associates; and $99.75 for paralegals. *Id*. (citing Maine People's, 2016 U.S. Dist. LEXIS 135301 at *19-22, 2016 WL 5676887. *Coastal Ctys. Workforce, Inc. v. LePage*, No. 1:17-CV-00417-JAW, 2018 WL 6438743, at *4 (D. Me. Dec. 7, 2018). As Coastal Counties and this case involve overlapping periods for work performed, the Court applies the rates it calculated in *Coastal Counties* to the Duane Morris bill here. Based on an extrapolation of the Duane Morris charged rates to the level of attorney experience, the Court applies the following rates to each lawyer: Brett Messinger: $367.50; Andrea Holbrook and Stephanie Anderson: $262.50. Similarly, the Court reduces the Duane Morris paralegal hourly rate from $190 to $99.75.

## III. CONCLUSION

The Court defers ruling on TD Bank's motion for attorney's fees to allow TD Bank to respond to this order. The Court allows TD Bank ten days from the date of this order to file any additional information that the Court requires. If additional time beyond the ten-day period is required, TD Bank may so move.

SO ORDERED.

s/ John A. Woodcock, Jr.<br>
JOHN A. WOODCOCK, JR.<br>
UNITED STATES DISTRICT JUDGE

Dated this 21th day of June, 2019